IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES LARRY HARRIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO. 2:07cv508-WHA |
| vs. | * | (formerly Circuit Court of Montgomery |
| | * | County, Alabama, Case No. CV-2006-1169) |
| THE HARTFORD, et al. | * | |

**DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S CLAIMS FOR**
**EXTRA-CONTRACTUAL DAMAGES**

Defendant, Hartford Life & Accident Insurance Company ("Hartford"), moves this Court for an order (1) dismissing all counts of Plaintiff's Complaint on the grounds that Plaintiff's state law claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* and (2) striking Plaintiff's claims for extra-contractual damages. In support, Hartford states as follows:

1.   On or about April 24, 2007, Plaintiff filed this action in the Circuit Court of Montgomery County, Alabama. Plaintiff's alleges that Hartford wrongfully denied his claim for disability benefits under an employee welfare benefit plan governed by ERISA. (*See* Compl. at ¶¶ 9-10).[1] In his Complaint, Plaintiff seeks compensatory damages, including damages for mental anguish and emotional distress, as well as punitive damages against Hartford under state common law theories of breach of contract (Count I), bad faith (Count II), fraud (Count III), and

---

[1]   A true and correct copy of the subject disability insurance policy is attached as "Exhibit A" to Hartford's Notice of Removal, filed contemporaneously herewith..

negligence/wantonness (Count IV). Hartford timely removed this action to this Court.

2. Plaintiff's state law claims are preempted by ERISA because they relate to an employee welfare benefit plan. 29 U.S.C. § 1144(c); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987) (ERISA preempts breach of contract, tortious breach of contract and emotional distress claims related to denial of benefits); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (same); *see also Amos v. Blue Cross-Blue Shield of Alabama*, 868 F.2d 430 (11th Cir. 1989) (misrepresentation, bad faith claims preempted by ERISA). All of Plaintiff's state common law claims are, therefore, due to be dismissed as a matter of law.

3. ERISA's Civil Enforcement Provisions allow a participant "to recover benefits due to him under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff's remedy, if any, under this section is limited to benefits due under the terms of the plan; extra-contractual damages are not available. *Bishop v. Osburn Transp., Inc.*, 838 F.2d 1173 (11th Cir. 1988). Accordingly, to the extent Plaintiff's Complaint seeks compensatory damages, punitive damages, or other extra-contractual damages, those claims are due to be stricken from the Complaint.

WHEREFORE, Hartford respectfully requests that the Court dismiss all counts of Plaintiff's Complaint on the grounds that Plaintiff's state common law claims are preempted by ERISA and strike Plaintiff's claims for extra-contractual damages.

Respectfully submitted,

_____
RUSSEL MYLES                (MYLEP5322)
ANNE LAURIE SMITH           (SMITA2262)
Attorneys for Defendant
Hartford Life & Accident Insurance Company

**OF COUNSEL:**

**McDOWELL KNIGHT ROEDDER
   & SLEDGE, L.L.C.**
Post Office Box 350
Mobile, Alabama 36601
Tel: 251/432-5300
Fax: 251/432-5303
email: asmith@mcdowellknight.com

### CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document on counsel for all parties to this proceeding, by depositing a copy of same in the United States mail, first class postage prepaid and properly addressed, on this 7th day of June, 2007.

_____
ANNE LAURIE SMITH

**COUNSEL:**

Clifford W. Cleveland, Esq.
The Law Office of
Cleveland & Colley, P.C.
Post Office Box 680689
Prattville, Alabama 36068