IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES LARRY HARRIS, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO.2:07-CV-508-WHA |
| HARTFORD LIFE & ACCIDENT INSURANCE CO., et al | * |
| Defendants. | * |

**DEFENDANT'S AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Hartford Life & Accident Insurance Company ("Hartford"), answers Plaintiff's Amended Complaint as follows:

1.  Admitted.

2.  Hartford admits that it issued group disability policy number GRH218370 ("the Policy"), which became effective on November 1, 1999, to Plaintiff's employer, DeShazo Crane Company, LLC ("DeShazo"). Hartford admits Plaintiff was a participant under the employee welfare benefit plan sponsored by Deshazo.

3.  Hartford admits that the Policy is part of an employee benefit plan and is governed by ERISA.

4.  Hartford admits that Plaintiff seeks to recover benefits allegedly due him under the terms of the Policy and that he seeks to clarify his rights to future benefits under said Policy. Hartford denies that Plaintiff is entitled to any benefits sought.

5.  Admitted.

6. Admitted.

7. Denied.

8. Denied.

## GENERAL DENIAL

Hartford denies each and every allegation in the Amended Complaint that is not specifically admitted and denies that Plaintiff is entitled to any recovery or any relief requested in the Amended Complaint.

## AFFIRMATIVE DEFENSES

As for its affirmative defenses to the Amended Complaint, Hartford states and alleges as follows:

### First Defense

Plaintiff's Amended Complaint fails to state a claim against Hartford upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred because he did not provide proper notice and/or has not provided proper proof of loss.

### Third Defense

The plan at issue allowed Hartford full discretion and authority to determine eligibility for benefits. At all times relevant to this matter, Defendant's actions and decisions were well-reasoned and fully justified. At no time did Defendant act in an arbitrary or capricious manner with regard to Plaintiff's claim.

**Fourth Defense**

Plaintiff's claims are barred by the terms and exclusions of the disability Policy at issue.

**Fifth Defense**

Attorney's fees are not warranted under the circumstances of this case.

**Sixth Defense**

Plaintiff's claim was fully investigated and there was a legitimate basis on which to deny said claim.

**Seventh Defense**

Plaintiff's claims are barred because he failed to exhaust his administrative remedies and/or has not exhausted and/or improperly pursued the remedies available under the disability plan at issue.

**Eighth Defense**

Defendant hereby adopts and inserts without limitation all defenses, affirmative or otherwise, available to it pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq.

**Ninth Defense**

Hartford reserves the right to assert additional defenses that might arise during the course of this litigation.

Respectfully submitted,

/s/ Anne Laurie Smith
RUSSEL MYLES              (MYLEP5322)
ANNE LAURIE SMITH         (SMITA2262)
Attorneys for Defendant
Hartford Life & Accident Insurance Company

**OF COUNSEL:**

**McDOWELL KNIGHT ROEDDER
   & SLEDGE, L.L.C.**
Post Office Box 350
Mobile, Alabama 36601
Tel: 251/432-5300
Fax: 251/432-5303
email: asmith@mcdowellknight.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all parties by placing same in the United States mail, properly addressed and postage prepaid, as follows, and/or via the Court's electronic filing system.

Done this 17th day of August, 2007.

/s/ Anne Laurie Smith

**COUNSEL**:

Clifford W. Cleveland, Esq.
The Law Office of
Cleveland & Colley, P.C.
Post Office Box 680689
Prattville, Alabama 36068