IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES LARRY HARRIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO.2:07-CV-508-WHA |
| vs. | * | |
| | * | |
| HARTFORD LIFE & ACCIDENT | * | |
| INSURANCE CO., et al | * | |
| | * | |
| Defendants. | * | |

## REPORT OF PARTIES' PLANNING CONFERENCE

Defendant, Hartford Life & Accident Insurance Company ("Hartford"), pursuant to the Court's Rule 26(f) Order entered on August 14, 2007, files the following proposed discovery plan.[1]

1.  Pursuant to Rule 26(f) of the *Federal Rules of Civil Procedure*, a telephone conference was held on August 20, 2007 which included the following participants:

> Anne Laurie Smith, Esq.
> Attorney for Defendant Hartford Life and Accident Insurance Company
>
> Clifford Cleveland, Esq.
> Attorney for Plaintiff James Larry Harris

---

[1] This discovery plan is not being filed on behalf of both parties because despite numerous attempts, the undersigned counsel was not able to contact counsel for Plaintiff to confirm his agreement to the deadlines proposed herein. Although an initial conference between counsel for both parties was held on August 20, 2007, it was mutually agreed that the undersigned counsel would prepare a draft discovery plan for Plaintiff's counsel to review and either consent to or revise as necessary. The undersigned counsel sent the draft discovery plan to Plaintiff's counsel several weeks ago and since then has tried on three separate occasions to contact Plaintiff's counsel to determine whether Plaintiff would join in Hartford's proposed discovery plan. Plaintiff's counsel did not respond. Consequently, this report is being filed solely on behalf of Hartford.

2.      Pre-Discovery Disclosures.  The parties will exchange the information required by Rule 26(a)(1) of the *Federal Rules of Civil Procedure* not later than September 18, 2007, or as provided in the Court's Scheduling Order.

3.      Discovery Plan.  Hartford proposes to the Court the following discovery plan:

a.      Scope of Discovery:  Discovery in an ERISA case, such as this one, is limited to the evidence in the claim file at the time a benefit determination was made and, of course, the plan documents themselves.

b.      Expert Reports:  Because discovery will be limited to the evidence contained in the claim file, the parties do not, at this time, intend to rely upon expert testimony at trial.

c.      Discovery Deadline:  Discovery is limited and should be completed early-on, but, in any event, will be completed not later than **January 25, 2008**.

4.      Other Items:

a.      The parties **do not** request a conference with the Court before entry of the scheduling order.

b.      The parties request a pretrial conference on or about **July 7, 2008.**

b.      Plaintiff should be allowed until **November 5, 2007** to join additional parties and to amend the pleadings.

d.      Defendants should be allowed until **December 3, 2007** to join additional parties and to amend the pleadings.

e.      All potentially dispositive motions should be filed by **March 17, 2008.**

2

    f.  Settlement cannot be evaluated at this time.

    g.  Pretrial Disclosures.  Because the evidence at trial will be limited to the evidence contained in the claim file, there will be no need for either party to present witness testimony at trial.  To the extent the Court decides otherwise, the parties agree that final lists of witnesses and exhibits under Rule 26(a)(3) will be due on **June 23, 2008** or in accordance with the Court's Scheduling Order.

    h.  To the extent the Court determines that either party should be permitted to present witness testimony at trial, the parties propose that objections to the final lists of witnesses and exhibits under Rule 26(a)(3) shall be due within **14** days after service of same or in accordance with the Court's Scheduling Order.

    i.  This case should be ready for trial by the Court's **August 11, 2008** civil trial term and at this time is expected to take approximately two days.

  5.  Other matters:  None.

This 4th day of September, 2007.

            Respectfully Submitted,

            s/ Anne Laurie Smith_____
            RUSSEL MYLES     (MYLEP2322)
            ANNE LAURIE SMITH (SMITA2262)
            **Attorneys for Defendant**
            **Hartford Life and Accident**
            **Insurance Company**

**OF COUNSEL:**

**McDOWELL KNIGHT ROEDDER
    & SLEDGE, L.L.C.**
Post Office Box  350
Mobile, Alabama  36601
Tel: 251/432-5300
Fax: 251/432-5303
email: mailto:rmyles@mcdowellknight.com
asmith@mcdowellknight.com


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all parties by placing same in the United States mail, properly addressed and postage prepaid, as follows, and/or via the Court's electronic filing system.

Done this 4th day of September, 2007.

/s/ Anne Laurie Smith

**COUNSEL**:

Clifford W. Cleveland, Esq.
The Law Office of
Cleveland & Colley, P.C.
Post Office Box 680689
Prattville, Alabama 36068