IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES LARRY HARRIS, | * | |
| | * | |
| PLAINTIFF, | * | CIVIL ACTION NO. 2:07cv508-WHA |
| | * | |
| vs. | * | |
| | * | |
| THE HARTFORD, et. al., | * | |
| | * | |
| DEFENDANTS. | * | |
| | * | |

## PLAINTIFF JAMES LARRY HARRIS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, James Larry Harris, and responds to the Defendant's Motion for Summary Judgment and asks this Honorable Court that the Motion be denied in that there are genuine issues of material fact at issue and would state as grounds the following:

### STATEMENT OF UNDISPUTED FACTS

The quandary that the Plaintiff has been placed through the actions and conduct of his employer is that he has suffered a disability which has rendered him 100% disabled. This is based upon an independent disability rating and further as a result of a determination by the Social Security Administration. The Plaintiff suffers from a condition diagnosed as choroidal neovascularization which has caused legal blindness.

The Plaintiff filed for worker's compensation benefits with his employer and those benefits have been denied under the assertion that his disability was not work related. His employer suggested, and he followed the suggestion, that he file for disability benefits with Defendant Hartford Life and Accident Company, which benefits were acquired through his employment. Hartford, after a lengthy evaluation, denied disability benefits asserting that his

disability was work related. The disability is undisputed and therefore, either the worker's compensation carrier is correct and thus it is not work related which would provide him benefits under the Hartford disability policy or in the alternative, Hartford is correct and it is work related, therefore placing Mr. Harris in a posture of being eligible for worker's compensation benefits.

Due to statutory restraints, causes of action seeking relief for Mr. Harris have been filed against the worker's compensation carrier by way of the employer and against Hartford Life and Accident under the disability policy.

## ARGUMENT

The worker's compensation case which is filed in State Court has had all discovery completed and the case has been tried and the parties to that action are awaiting ruling from the Trial Judge. A copy of the cover sheet for the State Court action is attached to this response. The matter before this Honorable Court is in the posture of no discovery having been done. However, the defendant is attempting to use the fact that a worker's compensation complaint has been filed as grounds for the dismissal of this suit. In the event the Trial Court should rule in favor of the employer and find that the disability is not work related, Mr. Harris would be greatly prejudiced by the dismissal of this action in that he would have no recourse for his disability. It is undisputed that Mr. Harris had the policy in effect at the relevant times with all premiums paid and therefore was an insured under that policy.

In light of the limited benefits provided under the Hartford policy, it certainly would be to the benefit of Mr. Harris for the State Court to find that his disability is work related and therefore Hartford could exercise its exclusions under the policy. However, with an individual

who has an eighth grade education, has lost his vision, and whose only source of income is Social Security disability, the meager amount under this policy is of significance to him.

## CONCLUSION

The Plaintiff would request that this Honorable Court stay this proceeding until such time as the State Court could render a ruling relative to the worker's compensation benefits. This would be of no prejudice to this Defendant and could very well be to the benefit of this Defendant should the State Court find in favor of Mr. Harris. It is the opinion of the Plaintiff that this would be a prudent, reasonable and equitable manner in which to proceed.

RESPECTFULLY SUBMITTED,

By:   //s// Clifford W. Cleveland
      Attorney Code: CLE007

OF COUNSEL:

The Law Office of
Cleveland & Colley, P. C.
Post Office Box 680689
Prattville, Alabama 36068
(334) 365-1500

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2007, I electronically filed the foregoing with the Clerk of the Court using electronic filing system which will send notification of such filing to the following:

Russel Myles, Esquire
Anne Laurie Smith, Esquire
**MCDOWELL, KNIGHT,
ROEDDER & SLEDGE, LLC**
Post Office Box 350
Mobile, Alabama 36601

//s// Clifford W. Cleveland, Esquire
(CLE007)

| | | |
|---|---|---|
| JAMES LARRY HARRIS, | * | IN THE CIRCUIT COURT OF |
| | * | |
| Plaintiff/Employee, | * | CHILTON COUNTY, ALABAMA |
| | * | |
| VS. | * | CASE NO. CV-05-_____ |
| | * | |
| DESHAZO CRANE COMPANY, LLC, | * | |
| | * | |
| Defendant/Employer. | * | |

## *COMPLAINT FOR WORKER'S COMPENSATION*

Discovery has been served with this Complaint. Requests for Production of Documents, Interrogatories, Expert Witness Interrogatories and Requests for Admission have been served with this Complaint. If you did not receive them, please telephone the attorney's office listed and a copy will be provided to you immediately.

## *VERIFIED ALLEGATIONS*

COMES NOW the Plaintiff/Employee, and pursuant to *Rule 8* of the *Alabama Rules of Civil Procedure*, and shows unto the Court as follows:

1. My name is James Larry Harris. I am the Plaintiff/Employee in this lawsuit. I reside at 1414 4th Avenue North, Clanton, Alabama 35046.

2. The Defendant/Employer in this action, DeShazo Crane Company, LLC, was my employer at the time and place complained of in this Complaint. I was employed as a welder/fitter on December 21st, 2004 when I injured my eyes.

3. I gave DeShazo Crane Company, LLC, notice of my injury, and the insurance company providing workmen's compensation coverage provided no coverage for my injuries.

4. I was earning an average of $11.19 per hour and worked 10-12 hours a day before my injury.

5. I have suffered a permanent total disability, or, in the alternative, permanent partial disability as a result of my injury sustained while in the employ of DeShazo Crane Company, LLC, or, in the alternative, I have suffered permanent partial disability but may be