IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES LARRY HARRIS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO.2:07-CV-508-WHA |
| vs. | * | |
| | * | |
| HARTFORD LIFE & ACCIDENT | * | |
| INSURANCE CO., et al | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT**

Defendant, Hartford Life & Accident Insurance Co. ("Hartford"), submits this Reply Brief in support of its motion for summary judgment and in reply to Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition Brief"). Defendant's original brief and the accompanying exhibits, together with this Reply Brief, demonstrate that there is no genuine issue of material fact concerning whether Plaintiff is entitled to pursue this ERISA action. Indeed, Plaintiff concedes that he failed to exhaust the administrative remedies available to him under the Policy prior to filing this action. Hartford, therefore, is entitled to summary judgment as a matter of law.

**ARGUMENT**

**I.    Plaintiff Has Not Satisfied His Burden of Demonstrating the Existence of a Genuine Issue of Material Fact Concerning Whether He Failed to Exhaust His Administrative Remedies.**

A plaintiff in an ERISA action must exhaust his administrative remedies prior to filing suit. *See, e.g., Stephenson v. Provident Life & Accident Ins. Co.*, 1 F. Supp. 2d 1326, 1331 (M.D. Ala. 1998). As demonstrated in Hartford's original brief, it is undisputed that Plaintiff did not pursue Hartford's appeals process prior to filing suit and, thus, did not exhaust his administrative

remedies. Plaintiff does not dispute this in his Opposition Brief. Instead, Plaintiff argues that he has been placed in a "quandary" because he was denied workers' compensation benefits inasmuch as his employer's workers' compensation carrier determined that his injury was not work related, yet Hartford denied his claim for short-term disability benefits because his injury was work-related.[1] Plaintiff's so-called "quandary" in no way excuses or justifies his admitted failure to exhaust the administrative remedies available under the Policy. Plaintiff has not offered any legal justification for his failure to exhaust his administrative remedies and Hartford is entitled to summary judgment on this ground as a matter of law. (*See* Def's Br. in Support of Mot. for Summ. J., at pp. 6-7).[2]

## II. Plaintiff Has Not Demonstrated That This Action Should Be Stayed.

Plaintiff has requested that the Court stay this action pending the state court's ruling concerning Plaintiff's workers' compensation lawsuit. As discussed, *supra*, at fn.1, this Court's review of Hartford's decision is confined to the evidence that was before Hartford when it made

---

[1] Hartford's determination that Plaintiff's injury was work-related and, thus, excluded by the clear and unambiguous terms of the Policy was based on Plaintiff's statement in his application for benefits that his injury was related to his employment as a welder. Hartford advised Plaintiff of the information it needed in order to make its claim determination, including a denial letter from the workers' compensation carrier, yet Plaintiff never provided Hartford with this information. Although Plaintiff argues in his Opposition Brief that the workers' compensation carrier ultimately determined that his injury was not work-related, this information is irrelevant to the Court's consideration of Hartford's motion for summary judgment. This information was not before Hartford at the time it made its claim determination. *See Richards v. Hartford Life & Accident Ins. Co.*, 2005 WL 2888214, *2, fn.1 (11th Cir. Nov. 3, 2005) ("a court's review is confined to the evidence that was before the administrator when the claim for benefits was denied."). Additionally, and more to the point of the issue at hand, Plaintiff is attempting to argue the correctness of Hartford's claim decision when he has not exhausted the administrative remedies provided by Hartford. It is well settled that Plaintiff is not entitled to judicial review of Hartford's claim determination until he exhausts the administrative remedies available to him under the Policy. *See, e.g., Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897, 901 (11th Cir. 1990).

[2] *See Springer,* 908 F.2d at 901 (district court plainly abused its discretion by not dismissing claimant's lawsuit where she filed suit prior to appealing administrator's initial claim determination); *Merritt v. Confederation Life Ins. Co.*, 881 F.2d 1034, 1035 (11th Cir. 1989) (district court properly granted summary judgment to insurer where it was undisputed that claimant failed to pursue appeal procedures and, thus, had not exhausted administrative remedies); *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1227 (11th Cir. 1985) (district court properly granted summary judgment where claimants failed to exhaust administrative remedies).

its claim determination. *Richards v. Hartford Life & Accident Ins. Co.*, 2005 WL 2888214, at *2, fn.1 (determination of Social Security Administration ten months after administrator made its decision was properly disregarded); *see also Dunlap v. BellSouth Telecomm., Inc.*, 431 F. Supp. 2d 1210, 1217 (M.D. Ala. 2006) (court's review is limited to information before administrator at time claim decision was made). Thus, even assuming Plaintiff was entitled to seek judicial review of Hartford's claim decision, the outcome of Plaintiff's workers' compensation lawsuit that was filed more than nine months after Hartford made its claim determination is not relevant and should be disregarded by the Court. Plaintiff's argument that this action should be stayed until after the state court decides his workers' compensation action is, therefore, without merit and is due to be denied.

## CONCLUSION

In the Eleventh Circuit, a plaintiff in an ERISA action must exhaust available administrative remedies prior to filing suit. Hartford has demonstrated that it is undisputed that Plaintiff did not exhaust his administrative remedies. Plaintiff does not contest this fact in his Opposition Brief. As such, Plaintiff has failed to demonstrate the existence of a genuine factual issue and Hartford is entitled to summary judgment as a matter of law.

Respectfully submitted,

s/ Anne Laurie Smith
RUSSEL MYLES     (MYLEP2322)
ANNE LAURIE SMITH (SMITA2262)
**Attorneys for Defendant**
**Hartford Life and Accident**
**Insurance Company**

**OF COUNSEL:**

**McDOWELL KNIGHT ROEDDER
    & SLEDGE, L.L.C.**
Post Office Box  350
Mobile, Alabama  36601
Tel: 251/432-5300
Fax: 251/432-5303
email:  rmyles@mcdowellknight.com
            asmith@mcdowellknight.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all parties by placing same in the United States mail, properly addressed and postage prepaid, as follows, and/or via the Court's electronic filing system.

Done this 28th day of December, 2007.

/s/ Anne Laurie Smith___

**COUNSEL:**

Clifford W. Cleveland, Esq.
The Law Office of
Cleveland & Colley, P.C.
Post Office Box 680689
Prattville, Alabama 36068