IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES LARRY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:07cv508-WHA |
| | ) | |
| HARTFORD LIFE & ACCIDENT INSURANCE CO., | ) | (WO) |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on Hartford Life & Accident Insurance Company's ("Hartford") Motion for Summary Judgment (Doc. #19), filed on November 28, 2007.

The Plaintiff, James Larry Harris ("Harris"), originally filed a Complaint in the Circuit Court of Montgomery County, alleging state law claims. Hartford removed the case to this court on the basis of federal question jurisdiction, stating that Harris's state law claims were completely preempted by the Employment Retirement Income Security Act ("ERISA"). No motion to remand was filed.

Hartford filed a Motion to Dismiss the state law claims. Harris filed no objection to the Motion after being given an opportunity to do so, and the Motion was granted by this court. The court gave Harris time in which to file an Amended Complaint and Harris timely filed an Amended Complaint bringing an ERISA claim. Hartford now moves for summary judgment as to that claim on the basis of Harris's failure to exhaust administrative remedies.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### III.  FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:

The Plaintiff, James Larry Harris, suffers from a condition diagnosed as choroidal neovascularization which causes blindness.  Harris filed for worker's compensation benefits with his employer and the benefits were denied.   According to Harris's brief, at his employer's suggestion, Harris filed for disability benefits through insurance coverage with his employer.

Defendant Hartford Life and Accident Company denied disability benefits, stating that the disability was work-related, based on Harris's representation that his disability related to his occupation as a welder.  Hartford advised Harris by letter that he could submit additional information, including a letter of denial of worker's compensation, and a signed/dated worker's compensation reimbursement agreement.  Defendant's Exhibit B.  Hartford also advised him that he had a right to appeal Hartford's determination, and that he could do so even if he did not have new information to submit.  *Id.* Hartford further informed him that after his appeal, if Hartford again denied his claim, then he would have a right to bring a civil action under ERISA.  *Id.* Despite being so-advised, it is apparently undisputed that Harris submitted no additional information and did not appeal Hartford's denial of benefits.

A worker's compensation case has been filed in state court, that case has been tried, and parties to the action are waiting for a ruling from the court.

3

## IV. DISCUSSION

Hartford has argued that it is entitled to summary judgment because Harris was afforded, and notified of, but did not exhaust, administrative remedies upon the denial of his claim for benefits.

It is clear under Eleventh Circuit law that a plaintiff must exhaust a plan's administrative remedies before bringing an ERISA suit. *Counts v. American General Life and Acc. Ins. Co.,* 111 F.3d 105, 108 (11th Cir.1997). A district court has the discretion "to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate," *Counts*, 111 F.3d at 108, or where a claimant is denied "meaningful access" to the administrative review scheme in place. *Perrino v. Southern Bell Tel. & Tel. Co.* 209 F.3d 1309, 1315 (11th Cir. 2000). The test for "futility" is not whether the "claims would succeed, but whether the employees could have availed themselves of the grievance procedure." *Mason v. Continental Group, Inc*, 763 F.2d 1219, 1224 (11th Cir. 1985), *cert. denied*, 474 U.S. 1087 (1986).

Harris does not dispute the factual basis for the motion for summary judgment. Instead, he urges this court to stay this action pending disposition of the state court worker's compensation case. He states that if the state court case is resolved in favor of the employer, with a finding that Harris's disability is not work-related, he would be greatly prejudiced by a dismissal of this action.

Hartford responds that it would be inappropriate to stay this case because, even if the state court were to determine that Harris's disability is not work-related, that information was

4

not before Hartford at the time of its determination that the disability is work-related, and could not be considered in a review of Hartford's determination.

A court's review of a denial of benefits is limited to the evidence that was before the ERISA administrator when the claim for benefits was denied. *Lee v. Blue Cross/Blue Shield of Ala.*, 10 F.3d 1547, 1550 (11th Cir. 1994). As Hartford points out, the Eleventh Circuit, albeit in an unpublished opinion, has determined that a district court reviewing a denial of a claim for benefits did not err in refusing to consider a plaintiff's award of social security long term benefits that was made ten months after Hartford's decision to deny long term benefits. *Richards v. Hartford Life & Acc. Ins. Co.*, 153 Fed. Appx. 694, 697 n.1 (11th Cir. 2005). This court agrees with Hartford, therefore, that the outcome of the state court case would not be a relevant consideration in a review of the denial of benefits in the instant case.

In addition, Harris does not argue, and this court does not conclude under applicable Eleventh Circuit law, *see Counts*, 111 F.3d at 108, *Perrino,* 209 F.3d at 1315, that the state court case is a basis for excusing Harris's failure to exhaust his administrative remedies.

The law requires a plaintiff to exhaust administrative remedies before bringing an ERISA suit. This allows the claimant a final possibility of the claim being resolved favorably without the need of filing a lawsuit. Hartford advised Harris of his administrative remedy of appeal before suit. Harris did not appeal, but filed this suit. A stay pending the outcome of the worker's compensation suit in state court would not change the fact that this ERISA suit was filed before exhausting the plan's administrative remedies. Accordingly, the Plaintiff's request for a stay is not well-taken, and the Motion for Summary Judgment is due to be GRANTED. *Counts*, 111 F.3d at 109 (affirming district court's grant of summary judgment

where district court refused to excuse a failure to exhaust administrative remedies).

## V. CONCLUSION

For the reasons discussed, the court concludes that the Motion for Summary Judgment (Doc. #19) is due to be and is hereby ORDERED GRANTED. A separate Judgment will be entered.

Done this 12th day of February, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).